Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| Ignacio Steingass Naudon | Case: 1:26-cv-00436 |
| *Plaintiff(s)* | Assigned To : Nichols, Carl J. |
| (Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | Assign. Date : 2/11/2026 |
| | Description: Pro Se Gen. Civ. (F-DECK) |
| -v- | Jury Trial: *(check one)* [ ] Yes [✓] No |
| Daniel P. Driscoll, Secretary of the Army | RECEIVED Mailroom FEB 1 1 2026 |
| *Defendant(s)* | Angela D. Caesar, Clerk of Clerk |
| (Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.) | U.S. District Court District of Columbia |

## COMPLAINT FOR A CIVIL CASE

I.   **The Parties to This Complaint**

    A.   **The Plaintiff(s)**

        Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Ignacio Steingass Naudon |
| Street Address | 3501 Ivy Gap Road |
| City and County | Kempner, Bell County |
| State and Zip Code | TX 76539 |
| Telephone Number | 917-907-4032 |
| E-mail Address | isnaudon@gmail.com |

    B.   **The Defendant(s)**

        Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

Defendant No. 1
  Name: Daniel P. Driscoll
  Job or Title (if known): Secretary of the Army
  Street Address: 901 N. Stuart Street, Suite 400
  City and County: Arlington, Arlington County
  State and Zip Code: VA 22203-1837
  Telephone Number: 703-693-1014
  E-mail Address (if known):

Defendant No. 2
  Name:
  Job or Title (if known):
  Street Address:
  City and County:
  State and Zip Code:
  Telephone Number:
  E-mail Address (if known):

Defendant No. 3
  Name:
  Job or Title (if known):
  Street Address:
  City and County:
  State and Zip Code:
  Telephone Number:
  E-mail Address (if known):

Defendant No. 4
  Name:
  Job or Title (if known):
  Street Address:
  City and County:
  State and Zip Code:
  Telephone Number:
  E-mail Address (if known):

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## II. Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✓] Federal question     [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A. If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

The Court has jurisdiction over APA challenges based on the correction of military records. 10 U.S.C. § 1552 (providing for the correction of records); 5 U.S.C. § 702 (granting a cause of action for review of agency action); 5 U.S.C. § 701(b)(1) (defining "agency" to include governmental authority of the United States and exempting other parts of the military not applicable here); 28 U.S.C. § 1331 (providing subject-matter jurisdiction)

### B. If the Basis for Jurisdiction Is Diversity of Citizenship

1. The Plaintiff(s)

   a. If the plaintiff is an individual
      The plaintiff, *(name)* _____, is a citizen of the State of *(name)* _____.

   b. If the plaintiff is a corporation
      The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

   *(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2. The Defendant(s)

   a. If the defendant is an individual
      The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

    b.    If the defendant is a corporation

The defendant, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____ , and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

    3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

See attached.

## IV. Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Plaintiff requests that the DA Form 1059 (Academic Evaluation Report) for the period 20210607–20210618 and all associated documents be removed from his military personnel record.

Pro Se 1 (Rev. 12/16) Complaint for a Civil Case

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 2 FEB 26

Signature of Plaintiff

Printed Name of Plaintiff   Ignacio Steingass Naudon

### B. For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Street Address
State and Zip Code
Telephone Number
E-mail Address

# UNITED STATES DISTRICT COURT
for the
District of Columbia

| | |
|---|---|
| Ignacio Steingass Naudon<br>(plaintiff)<br><br>-v-<br><br>Daniel P. Driscoll, Secretary of the Army<br>(defendant) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. _____ |

attached
## III. Statement of Claim

1. Basis of Appeal. The Plaintiff contends that the decision of the Army Board for Corrections of Military Records (ABCMR) to deny his appeal to remove a DA Form 1059 (Academic Evaluation Report) is arbitrary, capricious, and in violation of his rights. The DA 1059 itself was unjust and was improperly processed where the Supplementary Review was performed by the Reviewing Official, rather than by a higher authority, as required by Army Regulation (AR) 623-3, para 2-16(c)(2)(a).

2. Background.

    a. From 7 June 2021through 18 June 2021, Plaintiff was a Captain and attended the Maneuver Captains Career Course, at Fort Moore, GA (Then Fort Benning, GA). See TAB A.

    b. Plaintiff was recycled and disenrolled from the court by memorandum dated 17 June 2021 for failure to complete a required briefing exercise to standard. See TAB B. Plaintiff did not receive the required performance counseling or instruction required from his Small Group Leader (SGL) as required by course policy at the time of his failure to meet the briefing standard. See TAB H, paragraph 8.

    c. Plaintiff was issued a referred DA 1059 for "Failed to Achieve Course Standards." See TAB A. His Reviewing Official was MAJ Jared Graham. Because the report was a "Failed to Achieve

Course Standards" report, it was referred and required a supplementary review. The Supplementary review in this case was also conducted by MAJ Jared Graham. See TAB I.

d. From 4 January 2022 through 14 January 2022, Plaintiff subsequently reenrolled in the course and successfully completed the course with a .91 GPA out of 1.0. See TAB C.

e. Plaintiff appealed the subject DA 1059 to the Army Human Resources Command Officer Special Review Board by application dated 14 November 2023. See TAB D. In the appeal, Plaintiff requested that the DA 1059 be removed on the basis of equity. See TAB D.

f. In a decision dated 13 February 2024, the Officer Special Review Board denied relief on the grounds of equity. See TAB E.

g. Subsequently, Plaintiff was selected and promoted to the rank of Major.

h. Plaintiff appealed the subject DA 1059 to the Army Board for Correction of Military Records (ABCMR) by application dated 22 March 2024. See TAB F. In the appeal, Plaintiff requested that the DA 1059 be removed on the basis that the DA 1059 is unjust and was improperly processed.

i. In a decision dated 4 November 2025, the ABCMR denied relief on the grounds that there was insufficient evidence of an error or injustice warranting removal of the DA 1059. See TAB G.

3. Discussion

a. AR 623-3 provides as follows in paragraph 2-16(c)(A)(2):

(2) *Academic evaluation reports.*
*(a) DA Form 1059 and DA Form 1059–2.* A supplementary review is required for all "Failed to Achieve Course Standards" (DA Form 1059) and "Non-Graduate" (DA Form 1059–2) part III, block a, "Overall Academic Achievement" box check selections which result in "Did Not Graduate" as the reason for submission in part I, block 1. The supplementary review will be conducted by the person in the chain of supervision above the reviewing official, unless the commandant is the reviewing official. Supplementary reviews will go no higher than the school commandant.

b. The pertinent requirement is that the Supplementary review "**will be conducted by the person in the chain of supervision above the reviewing official.**" (Emphasis added). In

this case, that did not occur, where MAJ Jared Graham performed as both the Rating Officer and Supplementary Reviewer.

c. There can be no dispute that AR 623-3 was not followed and that the required review was conducted in violation of that paragraph in this case. The harm in this case is that MAJ Graham's supervisor was never able to review the circumstances to ensure that MAJ Graham was properly failing Plaintiff out of the course, as intended by the regulation. Had such a review occurred, the failure to counsel Plaintiff may have been identified and Plaintiff never recycled in the first place.

d. The additional error was the failure of the Small Group Leader to Counsel Plaintiff upon his examination failure. The Course Policy provides that: "SGLs will counsel all students upon failure of an examination, a hands-on performance evaluation, or a course-critical assignment." See TAB H, paragraph 8. This is not an optional counseling, but a mandatory event that should have been documented. This is the primary error that could have been identified by a supplemental review conducted by the proper supervisory authority.

e. At this point, Plaintiff has been selected and promoted to Major, so the impact has been subsequently mitigated to some extent. That said, where the command failed to process a document in accordance with the rules prescribed by Army Regulation, the document is not proper and just. It must be removed.

TABs

A. AER (DA 1059), 20210607 – 20210618

B. Memorandum for Recycle, dated 17 Jun 21

C. AER (DA 1059), 20220104 – 20220114

D. OSRB Appeal, dated 14 Nov 23

E. OSRB Decision, dated 13 Feb 24

F. ABCMR Appeal, dated 22 Mar 24

G. ABCMR Decision, dated 4 Nov 25

H. Course Policy

I. Supplementary Review, dated 28 Jun 21

Date of signing: _____2FEB26_____

Signature of Plaintiff: _____

Printed Name of Plaintiff:    Ignacio Steingass Naudon